

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. L. I. Roberts
County Auditor
Hutchinson County
Stinnett, Texas

Dear Sir:

Opinion No. O-1448

Re: Collection of delinquent fees as
provided for in Article 3892.

Your request for our opinion on the questions
as are herein stated has been received by this depart-
ment.

Your letter reads in part as follows:

"Article 3892 R. C. S. provides in sub-
stance where a retiring officer has not col-
lected the maximum amount of fees allowed him
by statute and he has reported delinquent fees
for that year, or years, that for one year af-
ter he ceases to hold the office, he may col-
lect and retain such part of such delinquent
fees as is sufficient to complete the maximum
compensation allowed, and also to retain the
amount of excess fees authorized by law."

We restate your questions as follows:

1. Should the retiring officer collect the
delinquent fees provided for in Art. 3892, or should his
successor in office collect same and pay over to him the
amount of said delinquent fees, or the part of such delin-
quent fees and excess fees as will complete the maximum
provided by law?

2. Will the official bond of the retiring offi-
cer be in force as to the collection and reporting of these
delinquent fees for the one year after he ceases to hold

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. I. L. Roberts, Page 2


the office?

Article 3892, Revised Civil Statutes, reads as follows:

"Any officer mentioned in this Chapter who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-A, and 3886 for the year in which delinquent fees were charged, and also retain the amount of excess fees authorized by law, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected; provided, the provisions of this Article shall not apply to any officer after one year from the date he ceases to hold the office to which any delinquent fee is due, and in the event the officer earning the fees that are delinquent has not collected the same within twelve months after he ceases to hold the office, the amount of fees collected shall be paid into the county treasury. Provided, however, that nothing in this Act precludes the payment of ex-officio fees in accordance with Title 61 of the Revised Civil Statutes of Texas, 1925, as part of the maximum compensation. Provided, that any change made in this Article by this Act shall not apply to fees heretofore earned."

Article 3897, Revised Civil Statutes, reads as follows:

"Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within

Hon. I. I. Roberts, Page 3

thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the commissioners' court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office."

Article 3891, Revised Civil Statutes referring to the disposition of fees provides that:

"....

"All current fees earned and collected by officers named in Article 3883 during any fiscal year in excess of the maximum and excess allowed by this Act, and for their services and for the services of their deputies and assistants and authorized expenses, together with all delinquent, fees collected and not used as provided in Article 3892, or used to pay salaries of deputies and assistants when current fees are insufficient, shall be paid into the County Treasury in the county where these excesses accrue.

"All fees due and not collected, as shown in the report required by Article 3897, shall

Hon. L. I. Roberts, Page 4

be collectěd by the officer to whose office the fees accrued and shall be disposed of by said officer in accordance with the provisions of this Act...."

By virtue of the foregoing statutes you are respectfully advised that it is the opinion of this deθ partment that the officer whose term of office has terminated is not authorized to collect delinquent fees earned by him while in office, but that his successor in office shall collect such delinquent fees and pay them to his predecessor, the retiring officer, provided such delinquent fees are collected within one year after the retiring officer has gone out of office and such retiring officer shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation authorized by Articles 3883, 3883-a and 3886 for the year in which delinquent fees were charged, and the remainder of the delinquent fees for that fiscal year shall be paid into the county treasury in the county where collected.

Answering your first question as we have, it is not necessary to answer your second question.

Trusting that the foregoing fully answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

AW:AW

APPROVED SEP 27, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN